## BOWLING v. FLOOD.

PRINCIPAL. *Surety.* A surety is not released by the holder of the note taking a mortgage from the debtor with contract for delay when he assented to the delay. That to which a party assents cannot be averred as an injury.

### FROM MONTGOMERY.

Appeal in error from the Circuit Court of Montgomery county. J. E. RICE, J.

QUARLES and DANIEL for Bowling.

T. L. YANCEY for Flood.

FREEMAN, J., delivered the opinion of the court.

One Ed. Williams gave his note to plaintiff's testator for one hundred dollars, due August, 1875. Defendant Flood was surety on said note. When the note fell due the payee was urgent for his money. Williams was insolvent, or his crops incumbered with liens. Flood, at his own suggestion and for his own benefit, procured Williams to make a mortgage or trust conveyance of his crop of tobacco and corn then growing to secure the debt, with a stipulation that time should be given until April after the note was due.

This property conveyed was covered by other liens, and defendant himself seems to have obtained part of its proceeds. The whole arrangement was entered into not only with his consent, but at his earnest

solicitation, and, as he assumed, for his own as well as the benefit of plaintiff's intestate.

We think it pretty clear from the testimony that it was a scheme entered into by defendant with the purpose of getting the payee to accept the new security, and thereby give defendant grounds on which he might insist on a release. The transaction bears evident traces of fraud on his part, both in purpose and fact.

While the general rule is. clear, that giving time by a contract between the payee of a note and the principal debtor, releases the surety, yet the rule is always laid down with the qualification, that this must be done "without the assent of the surety expressly or tacitly given." See *United States* v. *Howell*, 2 Am. L. Cases, 419; *Bank of Steubenville* v. *Leavitt*, 5 Howard, 206, and authorities cited in notes to the above cases. This qualification to the general rule stands well based in the maxims that, "that to which a man consents cannot be considered an injury," and is applied in numerous instances in our law, such as where a man connives at or condones the adultery of his wife, he cannot obtain damages from the seducer nor sustain a suit for a divorce, and like cases. See Wharton's Legal Maxims, 213.

These principles apply with full force to the facts of this cause, and were so ruled by his Honor, the Circuit Judge. The jury under his charge found for the plaintiff, and we affirm the judgment.